**IN THE UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF DELAWARE
*844 N. King Street, Unit 18 Wilimington, Delaware 19801*
*302.573.6170*

26-167

**Shawntasia A. Y Tripp**, individually and as Parent of **A▮▮▮ A. S▮▮▮** a **Minor**
Plaintiff,

V

**Dunbarton Estate LLC**
**Dunbarton Substation One LLC**
**Severn Management LLC**
Defendants,

Civil Action No: N/A
(Jury Trial Demand)



FILED
FEB 13 2026
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT

### I. INTRODUCTION

1. This is a federal civil rights and housing action arising from Defendants' prolonged failure to remediate **systemic failure to remediate, dangerous mold contamination,** in HUD-subsidized housing, resulting in **documented medical injury** to Plaintiff and her minor daughter as well as **other tenants exposed to the same hazard**.

2. Defendants' conduct demonstrates a **pattern and practice of discrimination and negligence** ignored repeated complaints for over **seventeen (17) months**, exposing Plaintiffs to elevated levels of **Penicillium mold spores** in sleeping areas, and particularly affecting tenants with **disabilities and children**.

3. Defendants receive **federal financial assistance** and are subjected to federal housing and disability laws.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **28 U.S.C. 1331** (federal question)
5. Claims arise under:
   - **Fair Housing Act,** 42 U.S.C. 3601 et seq.
   - **Section 504 of the Rehabilitation Act,** 29. U.S.C. 794
6. Supplemental jurisdiction exists under **28 U.S.C. 1367.**
7. Venue is proper because the property is located in **Georgetown, Delaware.**

## III. PARTIES

8. Plaintiff **Shawntasia A.Y Tripp**, is resident of Delaware and a tenant at Dunbarton Apartments.
9. Plaintiff A█████ A. S█████ is a minor child who resides in the apartment.
10. Defendant **Dunbarton Apartment, LLC** owns and operates HUD-subsidized housing, and are responsible for **ownership, operation, and management**, including maintaining habitability and compliance with federal law.
11. Other tenants of Dunbarton Apartments experienced similar **mold contamination and related injuries,** creating a **class of similarly situated tenants.**

## IV. FACTUAL ALLEGATIONS

12. In **July 2022,** Plaintiff notified Defendants of visible mold and moisture conditions.
13. Defendant failed to investigate or remediate until **December 14, 2023.**
14. On the date, **Sussex Environmental CES** conducted testing and documented **1,902 Penicillium spores** in the sleeping area.
15. Plaintiff retained an independent environmental specialist who documented **2,980 Penicillium spores** in a sleeping area.
16. Plaintiff and her daughter have **documented mold allergies**, confirmed by blood skin testing by licensed physicians.
17. Treating physicians documented a **causal relationship** between Plaintiffs' symptoms and mold exposure.

18. Defendant ignored similar complaints from other tenants, constituting a **pattern of failure to maintain safe housing.**
19. Defendants failed to offer reasonable accommodations, relocation, or timely remediation.
20. Code Enforcement advised Plaintiff the matter constituted **civil negligence** by the landlord.
21. In **August 2024**, Defendants offered a **$10,000 settlement and release**, which Plaintiff rejected.
22. Defendant continued to provide **unsafe living conditions** and failed to provide reasonable accommodations or remediation.

## V. CLASS ALLEGATIONS

23. Plaintiff brings this action on **behalf of herself, her minor, and all similarly situated tenants** of Dunabarton Apartments affected by mold exposure between **July 2022 and present.**
24. The class has **numerous commonality**, and claims are **typical and adequately represented** by Plaintiff.
25. The class includes tenants with documented disabilities and minors affected by **Defendants systemic failures,** qualifying for relief under **FHA 3604,** and **Rehabilitation Act 504.**

## RETALIATION FACTS

1. Plaintiff engaged in protected activity under federal housing law by reporting mold contamination, requesting remediation and reasonable accommodation for disability-related health conditions, and contacting Code Enforcement, Delaware State Housing & Authority, Senator Chris Coon, Representative Valerie Jones, Mayor of Georgetown, Delaware, GGC Incorporated, and other authorities regarding unsafe conditions in her HUD-subsidized apartment.
2. The cease-and-decist letters were sent **after** Defendants became aware of Plaintiff's complaints and medical documentation and were intended to **intimidate, silence, and deter** Plaintiff from continuing to assert her housing rights.

3. The letters caused Plaintiff fear of eviction or adverse housing action, emotional distress, and a chilling effect on her ability to advocate for safe housing for herself and her minor child.
4. Upon information and belief, Defendants sent similar retaliatory communications to other tenants who complained about mold and habitability conditions.
5. Defendants' conduct constitutes **coercion, intimidation, and interference,** in violation of **42 U.S.C. 3617**

## COUNT I - FAIRE HOUSING ACT (42 U.S.C 3604)
26. Defendants discriminated by failing to maintain safe housing and failing to provide reasonable accommodations for disability.

## COUNT II - REHABILITATION ACT ( 29 U.S.C 794)
27. Plaintiffs are qualified individuals with disabilities.
28. Defendants received federal financial assistance.
29. Plaintiffs were denied safe housing by reason of disability.

## COUNT III - NEGLIGENCE (Delaware Law)
30. Defendants breached their duty to maintain habitable premises.
31. Plaintiffs suffered injury as a result.

## COUNT IV - FAIR HOUSING ACT RETALIATION (42. U.S.C. 3617)
32. Plaintiff realleges and incorporates by reference all preceding paragraphs.
33. Plaintiff engaged in activity protected by the Fair Housing Act, including complaining of unsafe conditions, requesting reasonable accommodations, and contacting government authorities.
34. Defendants subjected Plaintiff to **adverse and intimidating actions,** including issuing cease-and-desist letters, because Plaintiff's protected activity.
35. Defendants' actions were intended to **coerce, intimidate, and interfere** with Plaintiff's exercise of federally protected housing rights.
36. Plaintiff suffered emotional distress and harm as a direct result of Defendants' retaliatory conduct.

## VII. DAMAGES

37. Plaintiffs and class members have suffered:
    - Physical illness and allergic reactions
    - Emotional distress and sleep disruption
    - Medical Expenses
    - Loss of use and enjoyment of safe housing
    - Costs of mitigation and temporary relocation
38. Plaintiffs attach as **Exhibit A** a **damages calculation supporting aggregate compensatory and punitive damages of approximately $5,000,000** for Plaintiff and similarly situated tenants.
39. Plaintiffs seek additional compensatory and punitive damages for Defendants' unlawful retaliation and intimidation in violation of **42 U.S.C. 3617.**

## VII. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Certify this action as a **class action**
B. Award **compensatory punitive damage**
C. Order **injunctive relief** requiring Defendants to remediate mold or provide safe temporary relocation.
D. Pro Se fees and cost pursuant to 42 U.S.C 3613 ( c) and 29 U.S.C 794 ( a)
E. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Krystle T. Gardner-Blackwell