## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAWNTASIA TRIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 26-167-CFC-LDH |
| v. | ) | |
| | ) | |
| DUNBARTON APARTMENTS ESTATE | ) | |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Shawntasia Tripp, who proceeds in forma pauperis (D.I. 8), has filed an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendant Dunbarton Apartments Estate and other unnamed defendants engaged in "retaliatory conduct, unlawful eviction practices, and misuse of criminal process" in violation of her constitutional rights.  (D.I. 10).  She subsequently filed two motions for a temporary restraining order and preliminary injunction to "prevent[] Defendants from proceeding with eviction" (D.I. 11 at 3); and to "[s]tay any eviction, writ of possession, lockout, removal, or dispossessory proceedings" (D.I. 12 at 6).[1]

I recommend DENYING her motions.  Preliminary injunctive relief is an extraordinary remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020). The movant must clearly show, among other things, that they are likely to succeed on the merits and will suffer "irreparable harm" without the requested injunctive relief. *Bullock*, 463 F. Supp. 3d at 523; *see*

---

[1]    Before amending her complaint, Plaintiff filed an emergency motion for temporary restraining order and preliminary injunction alleging she would succeed on the merits of her claims arising under the Fair Housing Act and Section 504 of the Rehabilitation Act.  (D.I. 4).  Plaintiff does not pursue those claims in her amended complaint (D.I. 10), so I consider her earlier-filed request for injunctive relief withdrawn and recommended that it be denied as moot.

1

*also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has not made such a showing. Plaintiff attaches papers to her motion that appear to relate to ongoing state court eviction proceedings. (D.I. 12-1). This Court has recognized that enjoining state-court eviction proceedings is "extremely disfavored." *See Evans v. Cuenca*, C.A. No. 26-226-CFC-EGT, D.I. 7 at 2 n.1 (D. Del. Mar. 4, 2026) (Andrews, J.) (denying temporary restraining order seeking to enjoin "summary possession" eviction hearing in state court under Anti-Injunction Act, 28 U.S.C. § 2283); *see also id*. at D.I. 15 (denying motion for temporary restraining order related to 42 U.S.C. § 1983 claim seeking stay of "writ of possession and/or order of eviction" as barred by Anti-Injunction Act). Although actions under 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act, *see Mitchum v. Foster*, 407 U.S. 225, 243 (1972), to the extent Plaintiff is attempting to assert a claim against any state court,[2] a state court does not qualify as a "person" under § 1983, *see Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993). As a result, to the extent Plaintiff's § 1983 "claims" are in essence asserted against any state court "defendants", they are meritless and this exception to the Anti-Injunction Act does not apply. Indeed, Plaintiff makes no attempt to explain why any exception to the Anti-Injunction Act would otherwise apply in this case.

Accordingly, I recommend DENYING Plaintiff's motions for injunctive relief (D.I. 4, D.I. 11, D.I. 12).

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate

---

[2] Plaintiff's Amended Complaint names as a defendant Dunbarton Apartments Estate, "Any property management personnel involved," and "Any agents acting in concert with law enforcement." (D.I. 10 at 2).

2

rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Date: July 7, 2026

_____
United States Magistrate Judge

3